

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Dr. George W. Cox
State Health Officer
Austin, Texas

Dear Sir:                    Opinion No. O-2732
                             Re:  Construction of Section 2, Article
                                  700b, Vernon's Annotated Penal Code.

     Your recent request for an opinion of this department
upon the questions as are herein stated has been received.

     Your letter reads in part as follows:

     "Many inquiries have been received by this
Department regarding Article 700b, P.C. (House
Bill 903, 46th Legislature) as to whether or not
certain dishwashing and/or sterilizing equipment
complies with the law when used in eating establish-
ments.

     "These inquiries have been received from city
health departments as well as from manufacturers
of equipment.  Replies have been made according
to our interpretation of the law, but the inquiries
continue to arrive as if this Department had author-
ity to change the law.

     "It has been found that these inquiries fall
into two groups.  The most persistant inquiry is
concerning the sterilization of dishes by means of
ultra-violet ray.  The other group of inquiries con-
cerns electrically operated dishwashing machines
that purport to complete the operation of washing
and sterilizing dishes at the same time.

     "Your opinion on the following questions would
be appreciated:

     "1.  Does an ultra-violet ray machine such as
described in the inclosed circular, marked Exhibit
A, comply with Article 700b, Vernon's Annotated
Statutes of Texas, 1939?

     "2.  Do dishwashing machines such as described

in the inclosed circular marked Exhibit B,
comply with Article 700b, Vernon's Annotated
Statutes of Texas, 1939?

"3.  If your answer to question No. 1 is af-
firmative, must the water used in this machine
be held at any certain temperature for any speci-
fied length of time?"

Section 2 of Article 700b, Vernon's Annotated Penal
Code reads as follows:

"Sec. 2.  No person, firm, corporation, or
association operating, managing, or conducting
any hotel, cafe, restaurant, dining car, drug
store, soda water fountain, meat market, bakery,
or confectionery, liquor dispensary or any other
establishment where food or drink of any kind is
served or permitted to be served to the public,
shall furnish to any person any dish, receptacle,
or utensil used in eating, drinking, or convey-
ing food if such dish, receptacle, or utensil
has not been washed after each service until clean
to the sight and touch in warm water containing
soap or alkali cleanser.  After cleaning, all
glasses, dishes, silverware, and other receptacles
and utensils shall be placed in wire cages and
immersed in still bath of clear water heated to
a minimum temperature of 170° F for at least three
minutes, or two minutes at 180° F.  Upon removal
from the hot water, all glases, dishes, silver-
ware, and other receptacles and utensils shall be
stored in such a manner as not to become contaminat-
ed.  Provided that the State Board of Health may
approve other equally effective methods of treat-
ment by steam or hot water that meet with the mini-
mum requirments for the safety of the public health,
as prescribed by the State Board of Health, that
are not inconsistent with this Act.  When paper
receptacles, ice cream cones, or other single ser-
vice utensils are used for serving food or drinks,
they must be kept in a sanitary manner, protected
from dust, flies, and other contamination.

"Provided that the provisions of this Section
shall not apply to such establishments as describ-
ed herein that use electrically operated dishwash-
ing and glasswashing machines, that accomplish
these purposes mechanically."

The ultra-violet ray machine, as described in the exhibit marked "A" is called the Steril-Ray Cabinet which consists of a housing, or a cabinet, in the bottom of which are mounted four Sterilamps.  The inside walls of the Cabinet are polished corrugated aluminum, which reflect the rays to all surfaces of the glassware placed inside of the Cabinet.  The diagram as shown in Exhibit "A" illustrates the manner in which glassware is sanitized.  After being cleansed and drained, it is placed, upside down, in a tray provided for that purpose.  The tray is then placed in the cabinet and a sliding metal door, or curtain, drawn down.  This automatically turns on the Sterilamps and at the same time engaged an automatic time lock which prevents the curtain from being raised for a period of two minutes and ten seconds.  At the end of this period, the current is automatically turned off and the time lock released so that the door may be raised and the tray removed.  The Steril-Ray Cabinett operates without heat and chemicals.  The lamps used in the Cabinet are electric lamps. The Steril-Ray Cabinet is a machine used for sterilization purposes and not for washing or cleaning dishes, etc.

It will be noted that Section 2, Article 700b, supra, provides that after cleaning all dishes, etc. the same shall be placed in wire cages and immersed in still bath of clear water heated to a minimum temperature of $170^\circ$ F for at least three minutes, or two minutes at $180^\circ$ F.  No doubt, this requirement is for sterilization purposes.  However, the State Board of Health may approve other equally effective methods of treatment by steam or hot water that meet with the minimum requirements for the safety of public health, as prescribed by the State Board of Health, that are not inconsistent with the above mentioned act.  As above stated, the Steril-Ray Cabinet does not provide the treatment by steam or hot water but provides a treatment by light rays.

Exhibit "A" also shows and describes a machine called a "Roto Glass Washer" which is advertised as a "team mate" for the Steril-Ray Cabinet.  We are of the opinion that if there electrically operated machines are used together and accomplish the purposes mechanically as required by Article 700b, supra, then the above mentioned provisions of Article 700b, supra, do not apply, and the State Board of Health may approve the use of said mechines if they meet the minimum requirements for the safety of public health, as prescribed by the Board of Health. However, on the other hand, if the Steril-Ray Cabinet is used for sterilization purposes only and not in connection with an electrically operated washing or cleansing machine, whether said machine meets the requirements of Article 700b, supra, with reference to sterilization purposes is a question of fact to be determined by the State Board of Health.

The machine described in Exhibit "B", attached to your inquiry, as we understand, is an electrically operated dish-washing and glasswashing machine and if said machine accomplishes these purposes mechanically, the provisions of Section 2, Article 700b, supra, do not apply. If said machine meets the minimum requirements for the safety of public health, as pre-scribed by the State Board of Health, we are of the opinion that said Board may approve the use of said machine.

Trusting that the foregoing fully answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By   s/Ardell Williams
         Ardell Williams
         Assistant

AW:AW:wc

APPROVED SEP 18, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman